UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER SCHMIDT and MELISSA SCHMIDT<br><br>Plaintiffs,<br><br>vs.<br><br>KRUPP TRUCKING, LLC and MARY WILKS<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF DEMANDS TRIAL BY JURY** |

## COMPLAINT

### General Allegations, Jurisdiction, and Venue

COMES NOW, the Plaintiffs, CHRISTOPHER SCHMIDT and MELISSA SCHMIDT, by and through their attorneys, THE GORI LAW FIRM, P.C., and for the General Allegations of their Complaint against the Defendants, respectfully state as follows:

1. Plaintiffs CHRISTOPHER SCHMIDT and MELISSA SCHMIDT reside as a married couple in Glen Carbon, Madison County, Illinois.

2. That Defendant KRUPP TRUCKING, LLC is a Missouri Limited Liability Company with its principal place of business located in Hazelwood, MO, and operates as a transportation and trucking company, DOT# 946423.

3. Defendant MARY WILKS, is an individual that, upon information and belief, resides in St. Louis, MO, and at all times was an agent and/or employee of Defendant KRUPP TRUCKING, LLC.

4. This Court possesses subject matter jurisdiction over this action because the matter presents a dispute between citizens of different states, and the amount in controversy is greater than $75,000.00. 28 U.S.C. § 1332(a).

5. Venue is proper in this District under 28 U.S. Code § 1391(b)(2) because the subject truck accident occurred in Madison County, Illinois.

6. That on July 25, 2022, the Plaintiff CHRISTOPHER SCHMIDT, was operating a GMC Terrain eastbound I-270 near milepost 4, at approximately 4:06pm, in Madison County, Illinois.

7. That at said time and place, Defendant MARY WILKS was a truck driver and agent and/or employee and driving under the D.O.T. authority of Defendant KRUPP TRUCKING, LLC, and was the driver and operator of a 2019 Freightliner tractor-trailer westbound I-270 near milepost 4.

8. That at all times herein, Defendant MARY WILKS was acting within the scope of her employment/agency, authority, and for the benefit and interests of Defendant KRUPP TRUCKING, LLC.

9. That at said time and place, Defendant MARY WILKS, as agent and/or employee of Defendant KRUPP TRUCKING, struck a vehicle while changing lanes, and then turned the 2019 Freightliner left, crossed over the median into oncoming traffic, and collided with Plaintiff's vehicle.

## COUNT I
### (CHRISTOPHER SCHMIDT - Vicarious Liability – KRUPP TRUCKING, LLC)

10. Plaintiff realleges and restates paragraphs 1-9 of the General Allegations as if fully stated herein verbatim.

11. That codefendant Mary Wilks was operating the 2019 Freightliner tractor-trailer at the direction, D.O.T. authority, and control of KRUPP TRUCKING, LLC, and within the course and scope of her employment/agency.

12. That it was the duty of the Defendant KRUPP TRUCKING, LLC acting by and through its agents and employees, including co-defendant MARY WILKS, to operate the 2019 Freightliner tractor-trailer in a safe and reasonable manner and to exercise a reasonable duty of care to the traveling public, including Plaintiff Christopher Schmidt.

13. That at said time and place, Defendant KRUPP TRUCKING, LLC, acting by and through its agents and/or employees, including co-Defendant MARY WILKS, negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

   a. Failed to operate her truck in the proper lane of traffic in violation of Section 709 of the Illinois Vehicle Code, 625 ILCS 5/11-709;

   b. Failed to operate her truck in a safe and proper manner;

   c. Failed to keep a proper lookout;

   d. Failed to keep her truck under proper control;

   e. Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions at the time or which endangered the safety of persons or property in violation of Section 601 of the Illinois Vehicle Code, 625 ILCS 5/11-601;

   f. Operated the commercial motor vehicle without adequate training and experience; and

   g. Operated her commercial motor vehicle in violation of 49 C.F.R. 392.2.

14. That as a direct and proximate result of one or more or all of the foregoing negligent acts, omissions, or violations of the Defendant KRUPP TRUCKING, LLC, the Plaintiff CHRISTOPHER SCHMIDT was caused to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints, and discs of the spine, neck and back; injuries to his left lower extremity and ankle; injuries to his right lower extremity; broken right arm, radius and ulna; injuries to his left upper extremity and shoulder; and injuries to his face, ribs and body; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from his usual occupation; that Plaintiff has sustained a permanent impairment of his earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, the Plaintiff CHRISTOPHER SCHMIDT, prays for judgment against the Defendant KRUPP TRUCKING, LLC, in an amount in excess of seventy-five thousand dollars ($75,000.00); costs of suit; prejudgment and post judgment interest; and all other relief this Court deems just and proper.

**COUNT II**
**(CHRISTOPHER SCHMIDT – Negligence -- MARY WILKS)**

15. Plaintiff realleges and restates paragraphs 1-9 of the General Allegations as if fully stated herein verbatim.

16. That it was the duty of the Defendant MARY WILKS, as agent and/or employee of co-Defendant KRUPP TRUCKING, to operate the 2019 Freightliner tractor-trailer in a safe

and reasonable manner and to exercise a reasonable duty of care to the traveling public and persons on the roadway, including the Plaintiff CHRISTOPHER SCHMIDT.

17. That at said time and place, Defendant MARY WILKS, as agent and/or employee of co-defendant KRUPP TRUCKING, LLC, negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

    a. Failed to operate her truck in the proper lane of traffic in violation of Section 709 of the Illinois Vehicle Code, 625 ILCS 5/11-709;

    b. Failed to operate her truck in a safe and proper manner;

    c. Failed to keep a proper lookout;

    d. Failed to keep her truck under proper control;

    e. Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions at the time or which endangered the safety of persons or property in violation of Section 601 of the Illinois Vehicle Code, 625 ILCS 5/11-601;

    f. Operated the commercial motor vehicle without adequate training and experience; and

    g. Operated her commercial motor vehicle in violation of 49 C.F.R. 392.2.

18. That as a direct and proximate result of one or more or all of the foregoing negligent acts, omissions, or violations of the Defendant MARY WILKS, the Plaintiff CHRISTOPHER SCHMIDT was caused to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints, and discs of the spine, neck and back; injuries to his left lower extremity and ankle; injuries to his right lower extremity; broken right arm, radius and ulna; injuries to his left upper extremity and shoulder;

and injuries to his face, ribs and body; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from his usual occupation; that Plaintiff has sustained a permanent impairment of his earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, the Plaintiff CHRISTOPHER SCHMIDT, prays for judgment against the Defendant MARY WILKS, in an amount in excess of seventy-five thousand dollars ($75,000.00); costs of suit; prejudgment and post judgment interest; and all other relief this Court deems just and proper.

## COUNT III
### (CHRISTOPHER SCHMIDT – Direct Negligence – KRUPP TRUCKING, LLC)

19. Plaintiff realleges and restates paragraphs 1-9 of the General Allegations as if fully stated herein verbatim.

20. That it was the duty of the Defendant, KRUPP TRUCKING, LLC, to refrain from negligent conduct in the hiring, training, supervising and retaining competent and careful drivers which would endanger the safety of the traveling public, including CHRISTOPHER SCHMIDT.

21. That, Defendant KRUPP TRUCKING, LLC negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

    a. Failed to properly hire, select, train, supervise, and/or retain its drivers, including, but not limited to MARY WILKS;

  b. Allowed to remain on the road unqualified and/or reckless drivers, including, but not limited to MARY WILKS;

  c. Failed to screen and test its drivers periodically to monitor and evaluate their safety orientations of its employees, including, but not limited to MARY WILKS;

  d. Failed to develop, promulgate, adopt, and/or implement safety policies, procedures, and practices for its drivers, including, but not limited to, MARY WILKS;

  e. Permitted, allowed, and/or failed to stop its drivers, including, but not limited to, MARY WILKS, from violating state and federal statutes and regulations, including, but not limited to, Illinois Vehicle Code and the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 350-399;

  f. Failed to provide periodic systematic safety and/or defensive driving training for its drivers, including, but not limited to, MARY WILKS;

  g. Failed to provide remedial training of its drivers, including, but not limited to, Defendant, MARY WILKS;

  h. Failed to conduct checks and reviews of MARY WILKS background, employment history, and personnel and safety files from previous employers; and

  i. Entrusted its commercial motor vehicle to MARY WILKS when it was not appropriate to do so.

22. That as a direct and proximate result of one or more or all of the foregoing negligent acts, omissions, or violations of the Defendant KRUPP TRUCKING, LLC, the

Plaintiff CHRISTOPHER SCHMIDT was caused to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints, and discs of the spine, neck and back; injuries to his left lower extremity and ankle; injuries to his right lower extremity; broken right arm, radius and ulna; injuries to his left upper extremity and shoulder; and injuries to his face, ribs and body; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from his usual occupation; that Plaintiff has sustained a permanent impairment of his earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, the Plaintiff CHRISTOPHER SCHMIDT, prays for judgment against the Defendant KRUPP TRUCKING, in an amount in excess of seventy-five thousand dollars ($75,000.00); costs of suit; prejudgment and post judgment interest; and all other relief this Court deems just and proper.

### COUNT IV
### (MELISSA SCHMIDT – KRUPP TRUCKING, LLC)

23. Plaintiff realleges and restates each and every allegation as set forth hereinabove, as if fully stated herein verbatim.

24. That as a direct and proximate result of one or more or all of the foregoing acts, omissions, or violations, Plaintiff MELISSA SCHMIDT has been deprived of the love, society, support, companionship, relations, and normally expected and rendered household services and duties performed and rendered by the Plaintiff CHRISTOPHER SCHMIDT.

WHEREFORE, the Plaintiff MELISSA SCHMIDT prays for judgment against the Defendant KRUPP TRUCKING, LLC, in an amount in excess of seventy five thousand dollars ($75,000.00); costs of suit; prejudgment and post judgment interest; and all other relief this Court deems just and proper.

### COUNT V
### (MELISSA SCHMIDT – MARY WILKS)

25. Plaintiff realleges and restates each and every allegation as set forth hereinabove, as if fully stated herein verbatim.

26. That as a direct and proximate result of one or more or all of the foregoing acts, omissions, or violations, Plaintiff MELISSA SCHMIDT has been deprived of the love, society, support, companionship, relations, and normally expected and rendered household services and duties performed and rendered by the Plaintiff CHRISTOPHER SCHMIDT.

WHEREFORE, the Plaintiff MELISSA SCHMIDT prays for judgment against the Defendant MARY WILKS, in an amount in excess of seventy five thousand dollars ($75,000.00); costs of suit; prejudgment and post judgment interest; and all other relief this Court deems just and proper.

Respectfully submitted,

**THE GORI LAW FIRM. P.C.**

By: _____
Robert P. Marcus, #6277965
Sara Salger
Attorneys for Plaintiffs
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
(618) 659-9834 (Fax)
bmarcus@gorilaw.com